EDWARD N. STANLEY, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

FILED NOVEMBER 10, 1920. No. 21122.

Infants: DEFENDANT. A child may be said to be "dependent" or "neglected," under section 1244, Rev. St. 1913, and the rights of the parent to the custody of the child must yield, when it is

shown that the parent is of immoral character and is rearing the child in a place and among surroundings which are not free from immoral influence.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Murphy & Winters,* for appellant.

*Clarence A. Davis, Attorney General,* and *J. B. Barnes, contra.*

FLANSBURG, J.

Action in the juvenile court. The trial court found Lorene Stanley was a "dependent" and "neglected" child under section 1244, Rev. St. 1913, and ordered her paroled to a suitable home. Such a home was found, and the child placed there. Edward N. Stanley, parent of the child, appeals.

Under the statute, a child, who "has not proper parental care or guardianship, or is growing up under such circumstances as would tend to cause such child to lead a vicious or immoral life; * * * or who is found living * * * with any vicious or disreputable persons, or whose home, by reason of neglect, cruelty or depravity on the part of its parents, guardian or other person in whose care it may be, is an unfit place for such a child," is declared to be a "dependent" or "neglected" child.

The sole question presented is whether or not the evidence is sufficient to show Lorene Stanley, eight years of age, was a dependent or neglected child, within the meaning of the law. It appears that her father for many years lived with a woman in Kansas; that they were never married, though children were born to them. Lorene Stanley was in their custody until she was taken to Omaha by her father. When brought to Omaha she was in a dirty and ragged condition and suffering from extreme neglect. Appellant, in Omaha, took up his abode in a tent with a woman of negro blood.

Within one month after this woman obtained a divorce from her negro husband, she and appellant were married

at Council Bluffs. At the commencement of this suit they were living in Omaha. Appellant, who is white, and his colored wife, her colored boy, and Lorene Stanley all had sleeping quarters in the same room. We do not hesitate to say that these surroundings, in view of the immoral character of the parties, was an unfit place and manner to rear a child, and that appellant was an unfit person.

It is needless to enter into a detailed discussion of the testimony. There is ample in the record to justify the court in the finding made. The welfare of the child is the matter of chief importance. A proper home and surroundings are now provided, and the order of the court is, beyond question, for the best interests of the child.

AFFIRMED.

DAY, J., not sitting.